1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   LONNIE G. SCHMIDT,

11          Plaintiff,                                    No. C 13-01509 WHA

12      v.

13   WELLS FARGO BANK, N.A., NDEx                         **ORDER GRANTING**
     WEST, LLC, and DOES 1–25, inclusive,                 **DEFENDANT'S**
14                                                        **MOTION TO DISMISS**

15          Defendants.

16   _____/

17                            **INTRODUCTION**

18          In this foreclosure dispute, defendant moves to dismiss pursuant to Rule 12(b)(6).

19   For the reasons stated below, the motion to dismiss is **GRANTED**.

20                            **STATEMENT**

21          *Pro se* plaintiff Lonnie Schmidt is a real estate consultant residing in Sacramento County

22   and is the president of Vintage Holdings.  Plaintiff Schmidt filed suit as the alleged assignee of

23   residential real property located in Napa.  A home loan and deed of trust on the property were

24   originally executed by Todd and Jody Price in July 2007.  The Prices defaulted in October or

25   November 2011.  Neither Todd nor Jody Price is a party to this action; after consulting with

26   plaintiff Schmidt, they allegedly assigned the property to Vintage Holdings in December 2011

27   by executing a quitclaim deed.  Then, in January 2013, Vintage Holdings executed another

28   quitclaim deed to plaintiff Schmidt, the president of Vintage Holdings.  Plaintiff Schmidt asserts

*United States District Court*
For the Northern District of California

that he therefore acquired valid title to the property.  Finally, the complaint alleges that plaintiff has the ability to tender all amounts owed or tender the property.

The following facts relevant to this motion are taken from the complaint and from judicially noticeable documents.  In July 2007, Todd and Jody Price obtained a $580,000 home loan from World Savings Bank, FSB and executed a deed of trust for a residential property in Napa.  The deed of trust was recorded on July 11 and identifies World Savings Bank, FSB as the lender and Golden West Savings Association Service, Co. as the trustee.  The Prices allegedly did not have the opportunity to review the contract and were denied the "typical" three-day period to review the contract before it was signed (Compl. ¶ 78).  In December 2007, World Savings changed its name to Wachovia Mortgage, FSB (RJN, Exhs. A and B).  In November 2009, Wachovia merged into Wells Fargo Bank, N.A. (RJN, Exhs. C and D).

The complaint alleges that in October 2011 the Prices "discovered fraud and non-disclosure issues in the July 2007 loan transaction between themselves and lender World Savings" (Compl. ¶ 11).  In November 2011, the Prices requested a "validation of the debt" from Wachovia (*id.* at ¶ 24).  Wachovia did not respond.  On December 8, 2011, the Prices sent a notice of rescission of the loan under TILA and California Civil Code Sections 1688 and 1691 to World Savings, Golden West Savings, and Wachovia.  None of these companies responded to the notice.  Later that month, the Prices executed and delivered a notice of rescission to plaintiff Schmidt, president of Vintage Holdings, declaring that they had rescinded their loan transaction and had given notice to the lender and beneficiary of the rescission.  The Prices then executed a quitclaim deed to Vintage Holdings, and Vintage Holdings "acquired title to the property" in January 2012 (*id.* at ¶ 21).  Vintage Holdings later executed another quitclaim deed to plaintiff Schmidt, the president of the company, on January 29, 2013.

In October 2012, NDEx West, LLC recorded a notice of default and election to sell under deed of trust.  At this time, the loan was $36,477.58 in arrears (RJN, Exh. G).  In November, a substitution of trustee was recorded, replacing Golden West with NDEx (RJN, Exh. H).  NDEx then recorded a notice of trustee's sale in January 2013.  In early February, NDEx conducted the trustee's sale.  The trustee's deed upon sale indicated that Wells Fargo purchased

2

the property as the highest bidder (RJN, Exh. J).  NDEx executed and recorded the trustee's deed upon sale, which stated that (1) Wells Fargo was the foreclosing beneficiary, (2) NDEx was the trustee, (3) the amount bid on the property was $243,721.00, and (4) the amount of unpaid debt together with cost was $668,940.80 (*ibid.*).  On February 15, Wells Fargo posted a notice to vacate on the property.  As the alleged assignee, Vintage Holdings responded to this notice by sending a demand to cease and desist to NDEx and Wells Fargo.

As the further assignee (via Vintage Holdings), plaintiff Schmidt filed this action in Napa County Superior Court in March 2013 against Wells Fargo and NDEx.  Defendants subsequently removed the action to this district based on diversity of citizenship pursuant to 28 U.S.C. 1332.  The complaint alleges:  (1) violation of California Business and Professions Code Section 17200, (2) fraud, (3) wrongful foreclosure, (4) quiet title, (5) slander of title, and (6) civil conspiracy.  Defendant Wells Fargo now moves to dismiss this action for failure to state a claim pursuant to Rule 12(b)(6).  Defendant NDEx filed a motion for joinder in Wells Fargo's motion to dismiss.  Plaintiff has not objected to this joinder.[*]

The complaint alleges that certain statements in the deed upon sale were false.  To wit, Wells Fargo allegedly submitted no bid, paid no money, and was not in fact the foreclosing beneficiary.  The complaint also asserts that NDEx was not the trustee at the time the notice of default was recorded and that NDEx knew or should have known that it lacked authority to record the deed and that the representations made therein were false.  Wells Fargo allegedly had no authority to conduct the foreclosure because there was no corporate assignment of the subject deed of trust from World Savings to Wells Fargo.  Finally, it is alleged that at some point after the Prices obtained the loan it was sold or transferred to unnamed investors or other entities and that Wells Fargo did not own the loan or corresponding note at the time of the foreclosure sale.

---

[*]  Plaintiff Schmidt is a citizen of California based on domicile because he is a resident of Sacramento County.  NDEx is a Delaware corporation.  Wells Fargo is a citizen of South Dakota because its main office is located in Sioux Falls, South Dakota.  Pursuant to 28 U.S.C. 1348, a national bank (like Wells Fargo) "is a citizen of the State in which its main office, as set forth in its articles of incorporation, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306–07 (2006).

United States District Court

For the Northern District of California

3

**United States District Court**
For the Northern District of California

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted). *Pro se* complaints are held to less stringent standards than complaints drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Rule 9(b) requires that the circumstances constituting fraud be stated with particularity. "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citations and quotations omitted). Rule 9(b) serves to notify defendants of the specific fraudulent conduct against which they must defend. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). A plaintiff may allege some fraudulent and some non-fraudulent conduct, in which case only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements. *Vess*, 317 F.3d at 1103–04.

**1.      REQUEST FOR JUDICIAL NOTICE.**

Defendant has requested that judicial notice be taken of the following documents: (1) certificate of corporate existence dated April 21, 2006 (RJN, Exh. A); (2) letter from the assistant regional director at the Office of Thrift Supervision dated November 19, 2007 (RJN, Exh. B); (3) charter of Wachovia Mortgage, FSB, dated December 21, 2007 (RJN, Exh. C); (4) official certification of the Comptroller of the Currency effective dated November 1, 2009 (RJN, Exh. D); (5) printout from FDIC website (RJN, Exh. E); (6) deed of trust dated July 6, 2007 (RJN, Exh. F); (7) notice of default and election to sell under deed of trust dated October 9, 2012 (RJN, Exh. G); (8) substitution of trustee dated November 1, 2012 (RJN, Exh. H);

United States District Court

For the Northern District of California

1   (9) notice of trustee's sale dated January 7, 2013 (RJN, Exh. I); (10) trustee's deed upon sale

2   dated February 8, 2013 (RJN, Exh. J); (11) order of the Santa Clara County Superior Court,

3   Case No. 110CV178535, filed March 8, 2011 (RJN, Exh. K); and (12) grant deed recorded

4   June 21, 2010 (RJN, Exh. L). Plaintiff does not object. Defendant's requests for judicial notice

5   of Exhibits A–D and F–J are **GRANTED**. Judicial notice of the existence and content of these

6   documents, but not the truth of any facts stated therein, is proper under Federal Rule of Evidence

7   201(b) because the authenticity of the documents is capable of accurate and ready determination

8   by resort to sources whose accuracy cannot reasonably be questioned. *See Castillo v. Wachovia*

9   *Mortg.*, No. 12–0101, 2012 WL 1213296, at *1 n.2 (N.D. Cal. Apr. 11, 2012) (Judge Edward

10  Chen).

11      Exhibit E, however, is not accompanied by a sworn declaration as to its authenticity,

12  origin, or date, and its accuracy may reasonably be questioned. Defendant's request for judicial

13  notice as to that exhibit is therefore **DENIED**. Exhibits K and L are not necessary to the instant

14  motion and this order therefore declines to consider them at this time.

15      **2.    RESCISSION OF THE LOAN.**

16      The complaint alleges that the rescission request sent by the Prices in December 2011

17  was not contested and was therefore a valid rescission of the loan. Defendant responds that

18  the rescission request was time-barred. This order agrees with defendant, as follows.

19      The Prices executed the deed of trust in July 2007. The Prices did not attempt rescission

20  until December 2011. The complaint asserts that in November 2011 they "discovered fraud

21  and non-disclosure issues" in the loan transaction, namely that they were (Compl. ¶ 11):

22          defrauded when they were presented with a contract they did not
            have the opportunity to review . . . [A]s such the contract is one of
23          adhesion . . . [they] were defrauded because defendants had a duty
            to make certain disclosures . . . but failed to do so . . . defendants
24          covenanted with [them] to keep accurate records of the loan
            transaction but have failed to do so . . . and [they] were defrauded
25          when their request for validation of the debt was ignored . . . .

26  The complaint therefore avers that the Prices validly rescinded their loan, which left them free to

27  execute the quitclaim deed to plaintiff's company.

28

Even if these allegations were sufficient to state a claim for fraud on the original loan agreement, the Prices' attempted rescission was time-barred. Because the Prices sought "relief on the ground of fraud or mistake," their rescission request was governed by the three-year limitations period set forth in California Code of Civil Procedure. It is true that "[w]here the ground for rescission is fraud or mistake, the time does not begin to run until the discovery by the aggrieved party of the facts constituting the fraud or mistake." Cal. Civ. Proc. Code Section 337(3). Nevertheless, a plaintiff has:

> [A] duty to exercise diligence to discover the facts. The rule is that the plaintiff must plead and prove the facts showing:
>
> (a) Lack of knowledge.
>
> (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date).
>
> (c) How and when he did actually discover the fraud or mistake.
>
> Under this rule constructive and presumed notice or knowledge are equivalent to knowledge. So, when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation (such as public records or corporation books), the statute commences to run.

*Lee v. Escrow Consultants, Inc.*, 259 Cal. Rptr. 117, 120–21 (Cal. Ct. App. 1989) (quotations omitted).

Any attempt to invoke the discovery rule here fails. The complaint alleges no facts showing that the Prices were unable to discover the existence of these issues at an earlier date even had they exercised reasonable diligence.

The complaint also alleges that the rescission was valid under TILA, but this claim too is time-barred. The Prices' attempted rescission occurred more than four years after the loan closed and TILA Section 1635(f) sets out an "absolute" three-year limitation on rescission. *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).

**3. FRAUD.**

In plaintiff's fraud claim against Wells Fargo, the complaint alleges that statements in the trustee's deed upon sale were false. Contrary to what was recorded in that document, the

complaint asserts that Wells Fargo was not the foreclosing beneficiary and that Wells Fargo submitted no bid and paid no money for the property at the trustee's sale (Compl. ¶ 50). The complaint therefore alleges that causing these representations to be recorded was fraudulent. The complaint also alleges that "NDEx was not the duly appointed trustee at the time the notice of default was recorded and had no knowledge of the default or who the foreclosing beneficiary was" (*id.*). The statement within the trustee's deed upon sale that NDEx was the duly appointed trustee was therefore also false, and causing it to be recorded was fraudulent, or so it is alleged.

The gravamen of plaintiff's fraud claim is that the deed of trust was void for rescission and that the foreclosure process was therefore invalid because Wells Fargo had no remaining interest in the property. This order has found that the Prices' rescission request was untimely; as such, plaintiff Schmidt's fraud claim that is grounded in the purported rescission is hollow. Defendant's motion to dismiss plaintiff's fraud claim is therefore **GRANTED**.

### 4.    WRONGFUL FORECLOSURE.

Plaintiff's wrongful foreclosure claim rests upon two theories. *First*, the complaint alleges that Wells Fargo could not foreclose because after the origination and funding of the Prices' loan, it was "sold or transferred to investors or other entities" and therefore Wells Fargo did not own the loan or the corresponding note at the time of the foreclosure sale (*id.* at ¶ 59). The complaint also asserts that NDEx was not lawfully appointed as trustee by World Savings or Wells Fargo. *Second*, the complaint alleges that World Savings never assigned the deed of trust to Wells Fargo and that World Savings never substituted the trustee.

The first theory is insufficiently pled. The vague allegation that the loan was sold or transferred to investors or other entities falls short of the pleading standards under Rule 8. It is unclear whether the complaint is alleging that the loan ended up in the hands of some unknown third party or if this statement is based on the (incorrect) theory that World Savings needed to assign the loan to Wachovia or Wells Fargo (it did not because World Savings merely changed its name to Wachovia, which then merged with Wells Fargo (RJN, Exhs. A–D)). If plaintiff seeks leave to amend his complaint, he should state this allegation with greater clarity so that the

merits of his wrongful foreclosure claim (and several related claims) may be properly considered.

The second theory suffers from the same incoherence discussed above. To the extent that the complaint alleges wrongful foreclosure on the basis that World Savings, Wachovia, and Wells Fargo are all distinct entities, this argument fails. Judicially noticeable documents demonstrate that they may essentially be treated as a single actor for the purposes of this claim. Since there was no need to assign the deed of trust, Wells Fargo had the authority to substitute NDEx as trustee, and NDEx was authorized to initiate the foreclosure sale as trustee for beneficiary Wells Fargo. Defendant's motion to dismiss plaintiff's wrongful foreclosure claim is therefore **GRANTED**.

### 5. QUIET TITLE AND CIVIL CONSPIRACY.

Plaintiff's quiet title and civil conspiracy claims rest upon the validity of the Prices' rescission request. Since this rescission was time-barred, defendant's motion to dismiss plaintiff's quiet title and conspiracy claims is **GRANTED**.

### 6. SLANDER OF TITLE.

Plaintiff's slander of title claim is essentially an extension of his wrongful foreclosure claim, and it therefore suffers from the same shortcomings. To the extent that it rests upon the rescission of the Prices' loan, this claim has no merit for reasons already discussed. If the complaint is in fact alleging defects with the foreclosure process because the loan was actually sold or transferred to an unknown third party, then plaintiff must make that clear in any proposed amended complaint. Based upon the allegations in the current complaint, defendant's motion to dismiss plaintiff's slander of title claim is **GRANTED**.

### 7. CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200.

Section 17200 prohibits acts or practices which are (1) unlawful, (2) unfair, or (3) fraudulent. The statute is written in the disjunctive, so it is violated where a defendant's conduct violates any of the foregoing prongs. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012). As discussed below, the complaint fails to plead facts to support a

claim under any of the three prongs.  Wells Fargo's motion to dismiss plaintiff's Section 17200 claim is therefore **GRANTED**.

### A. Fraudulent Conduct.

In order to state a claim under the fraud prong of Section 17200, a the complaint must show that "members of the public are likely to be deceived."  *Bardin v. Daimlerchrysler Corp.*, 39 Cal. Rptr. 3d 634, 636 (Cal. Ct. App. 2006).  The complaint alleges that defendant engaged in "deceptive business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust, foreclosing of residential properties and related matters" (Compl. ¶ 105). The complaint then lists thirteen examples of such conduct, almost all of which are mere conclusory allegations that will not be accepted as true.  Among these examples, plaintiff alleges that Wells Fargo engaged in the practice of "executing and recording false and misleading documents . . . [and] uttering and publishing false documents" (*ibid.*).  However, this allegation rests upon plaintiff's underlying contention that the deed of trust was void for rescission.  Since this order has already decided this issue against plaintiff, it may not be used to support the Section 17200 claim.

### B. Unlawful Conduct.

The unlawful prong of Section 17200 "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cal. Consumer Health Care Council v. Kaiser Found. Health Plan, Inc.*, 47 Cal. Rptr. 3d 593, 596 (Cal. Ct. App. 2006).

It is unclear from the complaint exactly which predicate statute plaintiff wishes to use as a basis under the unlawful prong of Section 17200.  The complaint does allege that Wells Fargo violated California Penal Code Section 115 by offering a false instrument to be filed, registered, or recorded in a public office within the state of California.  Again, this relies on the theory that the rescission request was adequate, which it was not.  Plaintiff has therefore failed to allege the underlying unlawful activity to support his Section 17200 claim as to this prong.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1

### C.    Unfair Conduct.

2       Conduct is "unfair" under Section 17200 when it offends an established public policy

3   that is "tethered to specific constitutional, statutory, or regulatory provisions." *Bardin*, 39 Cal.

4   Rptr. 3d at 645.  The unfairness prong must be tethered to some legislative policy; otherwise, the

5   courts will roam across the landscape of business practices picking and choosing which they like

6   and which they dislike. *See Gutierrez v. Wells Fargo Bank, N.A.*, 730 F. Supp. 2d 1080, 1120

7   (N.D. Cal. 2010), *aff'd in part, rev'd in part on other grounds*, 704 F.3d 712 (9th Cir. 2012).

8       The complaint urges that Wells Fargo's conduct "gave . . . an unfair competitive

9   advantage over [its] competitors" (Compl. ¶ 107)  Beyond this cursory allegation, the complaint

10  fails to allege any specific constitutional, statutory, or regulatory provision to which Wells

11  Fargo's conduct is tethered.  The complaint therefore fails to state a claim under the unfair prong

12  of Section 17200.  Any amended complaint must make clear that defendant's conduct offended

13  an established public policy and tie that policy to a particular legislative provision.

14      **8.    HOME OWNERS' LOAN ACT PREEMPTION.**

15      Wells Fargo also asserts that the entirety of plaintiff's complaint is preempted by the

16  Home Owners' Loan Act.  This order disagrees.  Although the loan originated with World

17  Savings, a federally-chartered savings association, Wells Fargo is a federally chartered national

18  bank governed by the National Bank Act.  The undersigned judge previously determined that

19  whether HOLA governs the action depends on when the alleged conduct occurred. *Ramirez v.*

20  *Wells Fargo Bank, N.A.*, No. 10-05874, 2011 WL 1585075 (N.D. Cal., Apr. 27, 2011); *see also*

21  *Valtierra v. Wells Fargo Bank, N.A.*, CIV-F-10-0849, 2011 WL 590596 (E.D. Cal. Feb. 10,

22  2011) (Judge Anthony Ishii).  The allegations concerning conduct after Wachovia merged into

23  Wells Fargo will therefore not be preempted.  Because this order addresses each of plaintiff's

24  claims on other grounds, the preemption issue need not be discussed any further at this time.

### CONCLUSION

26      For the foregoing reasons, defendant's motion to dismiss is **GRANTED**.  Plaintiff may

27  seek leave to amend the complaint and will have until **JULY 12, 2013** to file a motion, noticed

28  on the normal 35-day calendar, for leave to file an amended complaint in order to further develop

his claims.  A proposed amended complaint must be appended to this motion and plaintiff must plead his best case.  The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein, and should include as an exhibit a redline or highlighted version identifying all changes.  Additionally, plaintiff is warned that if his motion (if one is timely filed) fails to address the specific defects identified herein, the action may be terminated without further briefing or a hearing.  Plaintiff, who is proceeding *pro se*, is advised that information is available online at http://ccand.uscourts.gov/proselitigants and also in person at the legal help center.  An appointment with the legal help center may be made by calling 415-782-9000, extension 8657.

**IT IS SO ORDERED.**

Dated:  June 21, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California