IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LONNIE G. SCHMIDT,

Plaintiff,

v.

WELLS FARGO BANK, N.A., NDEx WEST, L.L.C.,

Defendants.

No. C 13-01509 WHA

**ORDER RE ATTORNEY'S FEES**

The background has been set forth in a prior order (see Dkt. No. 34). In brief, pro se plaintiff Lonnie Schmidt commenced this wrongful-foreclosure action in state court. Following removal, defendant Wells Fargo's motion to dismiss was granted and judgment was entered for defendants. Wells Fargo now moves for an award of attorney's fees under the attorney's fee provisions of the promissory note and deed of trust. Plaintiff has not filed an opposition despite being given several opportunities to do so. Two separate hearings were held on Wells Fargo's motion and plaintiff failed to attend both. To the extent stated below, Wells Fargo is entitled to reasonable attorney's fees and costs.

The original borrowers agreed to the attorney's fees provision contained in the deed of trust. The deed of trust authorized only Wells Fargo to recover attorney's fees if the borrower breached any promise made in the deed or "begins a legal proceeding that may significantly affect Lender's rights in the Property" (RJN, Exh. E at 7). The deed of trust has been judicially noticed. Section 1717, however, transforms party-specific provisions into reciprocal provisions

that work both ways unless "each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract." *Kangarlou v. Progressive Title Co.*, 128 Cal. App. 4th 1174, 1178 (2005). Representation was not specified in the deed of trust. Thus, California law interprets the attorney's fees provision in the deed of trust as reciprocal.

If the original borrowers had brought the current action and lost, there would be no question that they would owe attorney's fees to Wells Fargo. Instead, the original borrowers quitclaimed their interest to plaintiff, who then sued Wells Fargo and lost. Nonetheless, the result should be the same. Plaintiff acquired the property *subject to* the deed of trust and the attorney's fees provision therein. To rule otherwise would open the door to any number of sham transactions calculated to evade attorney's fees provisions.

To the extent stated above, defendant Wells Fargo's motion for attorney's fees is **GRANTED**. Wells Fargo has requested $9,230 in attorney's fees and has submitted documentation to support the request. The Court has reviewed the application for attorney's fees and has determined that request is reasonable.

**IT IS SO ORDERED.**

Dated: October 7, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2