1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   LONNIE G. SCHMIDT,                              No. C 13-01509 WHA

11              Plaintiff,

12      v.                                           **ORDER RE ATTORNEY'S FEES**

13   WELLS FARGO BANK, N.A., NDEx
     WEST, L.L.C.,
14
                Defendants.
15   _____/

16

17         The background has been set forth in a prior order (see Dkt. No. 34).  In brief, pro se

18   plaintiff Lonnie Schmidt commenced this wrongful-foreclosure action in state court.  Following

19   removal, defendant Wells Fargo's motion to dismiss was granted and judgment was entered for

20   defendants.  Wells Fargo now moves for an award of attorney's fees under the attorney's fee

21   provisions of the promissory note and deed of trust.  Plaintiff has not filed an opposition despite

22   being given several opportunities to do so.  Two separate hearings were held on Wells Fargo's

23   motion and plaintiff failed to attend both.  To the extent stated below, Wells Fargo is entitled to

24   reasonable attorney's fees and costs.

25         The original borrowers agreed to the attorney's fees provision contained in the deed of

26   trust.  The deed of trust authorized only Wells Fargo to recover attorney's fees if the borrower

27   breached any promise made in the deed or "begins a legal proceeding that may significantly

28   affect Lender's rights in the Property" (RJN, Exh. E at 7).  The deed of trust has been judicially

     noticed.  Section 1717, however, transforms party-specific provisions into reciprocal provisions

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1  that work both ways unless "each party was represented by counsel in the negotiation and

2  execution of the contract, and the fact of that representation is specified in the contract."

3  *Kangarlou v. Progressive Title Co.*, 128 Cal. App. 4th 1174, 1178 (2005).  Representation was

4  not specified in the deed of trust.  Thus, California law interprets the attorney's fees provision in

5  the deed of trust as reciprocal.

6      If the original borrowers had brought the current action and lost, there would be no

7  question that they would owe attorney's fees to Wells Fargo.  Instead, the original borrowers

8  quitclaimed their interest to plaintiff, who then sued Wells Fargo and lost.  Nonetheless, the

9  result should be the same.  Plaintiff acquired the property *subject to* the deed of trust and the

10  attorney's fees provision therein.  To rule otherwise would open the door to any number of sham

11  transactions calculated to evade attorney's fees provisions.

12      To the extent stated above, defendant Wells Fargo's motion for attorney's fees is

13  **GRANTED**.  Wells Fargo has requested $9,230 in attorney's fees and has submitted

14  documentation to support the request.  The Court has reviewed the application for attorney's fees

15  and has determined that request is reasonable.

16

17      **IT IS SO ORDERED.**

18

19  Dated:  October 7, 2013.

20  WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

2